**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JONAS WANNING, <br><br>          Plaintiff, <br><br>     -against- <br><br> CALDWELL & WALSH BUILDING CONSTRUCTION, INC., FRANK MORACE AND MICHAEL FERRONE <br><br>          Defendants. | Docket No.: |

**NOTICE OF REMOVAL**

TO THE HONORABLE JUDGES AND CLERK OF THE UNTIED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK:

Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, the Defendants, Caldwell & Walsh Building Construction, Inc. ("C&W"), Frank Morace ("Morace"), and Michael Ferrone ("Ferrone") (collectively, "Defendants"), hereby give notice of the removal of this action from the Supreme Court of the State of New York, County of New York, where it is now pending, to the United States District Court for the Southern District of New York. In support of this Notice, Defendants state as follows:

1.      On or about October 10, 2018, the Plaintiff, Jonas Wanning ("Plaintiff"), commenced this lawsuit in the Supreme Court of the State of New York, County of New York. The caption of the Complaint is as follows: *Jonas Wanning v. Caldwell & Walsh Building Const., Inc., et al,* bearing Index No.: 159407/2018.

2.      This Notice of Removal is timely because it is filed within 30 days of service of the Summons and Complaint on Defendants as prescribed by 28 U.S.C. §1446(b). See, e.g., Murphy Bros, Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 350-51 (1999) ("one becomes a party officially, and is required to take action in that capacity, only upon service of a summons or other authority-asserting

1

measure stating the time within which the party served must appear and defend"). Process was served by mail upon Morace and Ferrone on October 15, 2018. Process was served by mail upon C&W on October 16, 2018. A copy of the Complaint is attached hereto as **Exhibit A**. Service was not perfected until all three defendants sent acknowledgments of service on November 9, 2018. All three acknowledgements of service are attached hereto as **Exhibit B**. All Defendants consent to this removal action.

### A.     DIVERSITY JURISDICTION EXISTS PURSUANT TO 28 U.S.C. §1332(A)

3.      The United States District Court for the Southern District of New York has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) on the basis of diversity of citizenship and amount in controversy.

4.      First, there is complete diversity of citizenship under 28 U.S.C. § 1332(a). Upon information and belief, Plaintiff resides at 260 East 78th Street, New York, New York. Therefore, Plaintiff is a citizen of New York.

5.      Defendant C&W is, and at all relevant times was, organized and existing under the laws of the State of Connecticut with its principal place of business in Newtown, Connecticut. Accordingly, as of the time of filing, Defendant is a citizen of the State of Connecticut.

6.      Defendant Frank Morace is, and at all relevant times was, a citizen of the state of New Jersey.

7.      Defendant Michael Ferrone is, and at all relevant times was, a citizen of the state of Connecticut.

8.      Second, the amount in controversy exceeds $75,000.00.

9.      This lawsuit arises out of an alleged wrongful termination of Plaintiff by Defendants.

10.     Plaintiff asserts claims for violation of the New York City Human Rights Law. *See* Exhibit A. Plaintiff, whose annual salary while employed at C&W significantly exceeded $75,000.00 per year, seeks monetary damages against Defendant in an unspecified amount and "such other relief that the court deems just and appropriate under the circumstances." Plaintiff claims non-economic damages, punitive damages, liquidated damages, pre-verdict, post-verdict, and prejudgment interests and costs, and statutory attorney's fees. Courts often take into account non-economic damages in determining removal. *See Richmond v. Allstate Ins. Co.,* 897 F. Supp. 447, 449-50 (S.D. Cal. 1995) (holding that general damages may be used in calculating the jurisdictional amount for purposes of removal); *Conrad Assocs. v. Hartford Accident & Indem. Co.,* 994 F. Supp. 1196, 1198 (N.D. Cal. 1998) (finding that general damages, such as emotional distress, are included in the calculation of the amount in controversy).

11.     The value of Plaintiff claim is on its face clearly not limited to under $75,000.00 and it leaves open the possibility that a jury renders a verdict in excess of $75,000.00. Plaintiff has asserted entitlement to noneconomic damages which, as demonstrated above, a jury could decide independently meet the amount in controversy requirement of diversity jurisdiction if liability is established. On this basis alone, Defendants have demonstrated the amount in controversy more likely than not exceeds $75,000.00.

12.     When no dollar amount is alleged in the complaint, or an action filed in state court is removed to federal court, the removing party can establish that the jurisdictional amount is met by producing evidence from sources other than the complaint. See *Mehlenbacher v. Akzo Nobel Salt, Inc.,* 216 F.3d 291, 296 (2d Cir. 2000). Defendants are not required to prove in absolute terms that more than $75,000.00 is at issue to meet the amount in controversy requirement of diversity jurisdiction. Rather, a "defendant must provide evidence establishing that it is 'more likely than

not' that the amount in controversy exceeds" $75,000.00. *See United Food & Comm. Workers Union, Local 919, AFL-CIO v. Centermark Properties Meriden Square, Inc.,* 30 F.3d 298, 301 (2d Cir. 1994).

13.     As demonstrated above, a jury in this action could decide that (1) economic damages and (2) noneconomic damages exceed the amount in controversy for the purposes of removal above $75,000.00. Thus, Defendant has met its burden.

14.     In accordance with 28 U.S.C. 1446(d), written notice of the filing of this Notice of Removal will be given to Plaintiff and will be filed with the Clerk of Courts for the Supreme Court of the State of New York, County of New York, following the filing of this notice.

15.     A civil cover sheet and the payment of the required filing fee accompany this Notice.

**WHEREFORE,** for the reasons set forth the Defendants respectfully request that the action now pending against the Defendants in the Supreme Court of the State of New York, County of New York, be removed to the United States District Court for the Southern District of New York.

Respectfully submitted,

GORDON REES SCULLY
MANSUKHANI, LLP

*/s/ Brian Middlebrook*
Brian Middlebrook
Fed Bar No.: BM1379
*Attorneys for Defendants*
Caldwell & Walsh Building Construction, Inc.
Frank Morace and Michael Ferrone
1 Battery Park Plaza, 28th Floor
New York, NY 10004
212-453-0708

Dated:          November 9, 2018

## <u>CERTIFICATE OF SERVICE</u>

I, Brian Middlebrook, hereby certify that the documents filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on November 9, 2018, by US mail.

/s/ Brian Middlebrook
Brian Middlebrook

Michael G. O'Neill
*Attorney for Plaintiff*
30 Vesey Street
Third Floor
New York, NY 10007
212-581-0990